UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61671-Civ-MARRA/WHITE

EUGENE COOPER,

      Petitioner,

vs.

JAMES R. McDONOUGH,

      Respondent.

_____/

## <u>ORDER AND OPINION</u>

_____This cause is before the Court upon the Petitioner's Motion for Appointment of Counsel (DE 31), filed September 5, 2008, and Petitioner's Rule 60 Motion, Relief from Judgment and Order (DE 32), filed September 8, 2008.  The Court has carefully considered the matter and is otherwise advised in the premises.

On September 27, 2007, this Court approved the Report of the Magistrate Judge and dismissed the petition for habeas corpus, in part, as procedurally barred, and in part, on substantive grounds. (DE 16, 20). Petitioner then moved the Court for a certificate of appeaility which the Court denied on October 17, 2007, on grounds that the Petitioner had not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). (DE 22, 25).  Petitioner then requested the issuance of a certificate of appeaility  from the Eleventh Circuit pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, which the Eleventh Circuit denied on January 8, 2008, on grounds that appellant "failed to make a substantial showing of the denial of a constitutional right," *citing* 28 U.S.C. § 2253(c)(2).  (DE 29).

Now, Petitioner has filed a "Rule 60. Motion, Relief from Judgment and Order" (DE 32),

and moves the Court for appointment of counsel in connection with the motion (DE 31).  While the instant motion cites Rule 60(b)(3), it appears to be a successive § 2254 motion.  Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), " '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' " Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir.1999), *quoting* 28 U.S.C. § 2244(b)(3)(A), *cert. denied*, 528 U.S. 1085 (2000).

As Petitioner has not moved for an order from the Eleventh Circuit authorizing this Court to consider his successive petition, and been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Petitioner's request for relief. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997), *cert. denied*, 520 U.S. 1203 (1997).

Nonetheless, in the abundance of caution, the Court addresses Petitioner's Rule 60(b) arguments.  Petitioner raises three arguments in this motion, all attempting to implicate Fed. R. Civ. P. 60(b)(3), which allows a court to relieve a party from a final judgment based on fraud, misrepresentation, or misconduct by an opposing party.  First, Petitioner claims that Respondent's response to his Petition was "fraudulent" because it was untimely.  However, a review of the docket reveals that the Court extended the deadline to respond to February 15, 2007 (DE 10) and that Respondent filed its response on or prior to that date. (DE 11, 13, 14, 15).  Furthermore, even if the filing was untimely, it would not be "fraudulent" for purposes of Rule 60(b)(3).

Second, Petitioner argues that Respondent made a misrepresentation and/or committed fraud by supplying "false standards of law."  Specifically, he points to a statement allegedly made

2

in Respndent's June 2, 2006 response in state court proceedings, "First a defendant cannot raise sufficiency of the evidence with respect to both his burglary and aggravated battery convictions, which his [sic] failed to raise on direct appeal under the guise of ineffective assistance of counsel. Therefore, this issue is procedurally barred." Assuming that Petitioner is accurately quoting Respondent, the Court finds that no "misrepresentation" of Florida law occurred. Under Florida law, the court will not consider procedurally barred claims that should have been raised on direct appeal under the guise of ineffective assistance of counsel. Israel v. State, 985 So. 2d 510 (Fla. 2008); see Rodriguez v. State, 919 So.2d 1252, 1280 (Fla. 2005) (stating that claims that could have been raised on direct appeal cannot be relitigated under the guise of ineffective assistance of counsel).

Third, Petitioner argues that the Respondent committed fraud upon the federal court in its Response (DE 11) by allegedly misciting Florida Rule of Criminal Procedure 3.850. Respondent stated as follows: "Under Rule 3.850(d), the court may order the state to respond to a motion 'within the period of time fixed by the court or to take some other action as the judge deems appropriate.'" (Resp., DE 11 at 23). Petitioner claims that this statement by Petitioner is fraudulent because Peitioner uses the word "may," while the statute states "shall." However, upon review, the Court finds that this is not a "fraudulent" description of Florida Rule of Criminal Procedure 3.850, as the rule allows a court to first make the determination of whether the motion, files, and records conconslusively show that the movant is entitled to no relief before ordering the state to respond, which is why Respondent used the word "may" in its discussion. Thus, as stated, the Respondent's description is not "fraudulent."

For the foregoing reasons, Petitioner has not demonstrated grounds for relief from a final judgment under Fed. R. Civ. P. 60(b)(3). Accordingly, it is **ORDERED AND ADJUDGED** that

Petitioner's Rule 60 Motion, Relief from Judgment and Order (DE 32) and Petitioner's Motion

for Appointment of Counsel (DE 31) are hereby **DENIED**.

       **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 10th day of November, 2008.

                                    _____

copies to:                            KENNETH A. MARRA
                                       United States District Judge

Eugene Cooper, pro se
Celia Ann Terenzio, Esq.
Diane F. Medley, Esq.
Appeals Clerk, Clerk's office